UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10784
Summary Calendar
_____


ALONZO DIEGO FULLER,

Plaintiff-Appellant,

versus

WILLIAM B. DONAHOO, Sheriff of Brown County,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(6:92-CV-053-C)
_____
July 24, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        This appeal represents Fuller's fourth attempt to
overturn a district court sanction order which barred him from
filing anymore lawsuits in the Northern District of Texas until he
pays a $250 sanction.  In the instant appeal, Fuller contends that
this order deprives him of access to the courts and the ability to
file a habeas corpus petition.  The order's validity has been
established on direct appeal.  Fuller has had ample prior

_____

        [*] Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

opportunity to assert that the order would effect an unconstitutional denial of his access to the courts as an IFP litigant. We decline to consider this late-raised additional ground for challenging the sanction order.

Fuller incurred the original sanction order because he threatened to incite a litigation bloodbath against Sheriff Donahoo and Brown County. This court affirmed the sanction under the standard set forth in Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 871-72 (5th Cir. 1988) (en banc). In 1995, Fuller filed a second "notice of appeal," seeking to have the sanction order modified so that he could file another civil rights action. This court dismissed the appeal as barred by the doctrine of res judicata.

Subsequently, Fuller filed a petition for mandamus relief, requesting this court to compel the district court to accept for filing a habeas corpus petition that had been rejected by the district court clerk. See In re: Fuller, No. 95-00126 (5th Cir., June 23, 1995) (unpublished). This court concluded that mandamus relief was not appropriate because Fuller had another remedy by means of filing a motion in the district court requesting clarification of the sanction order or that it be lifted to permit the filing of the habeas corpus action.

Fuller unsuccessfully sought the district court's clarification or modification of the sanction order to permit him to file a habeas corpus petition. He has again appealed.

Fuller's arguments in this appeal are simply variations on the theme he has consistently pursued, that the district court's sanction was an abuse of discretion and not issued in accord with governing Fifth Circuit standards. This court rejected those arguments on his first appeal. This panel is powerless to alter the law of the case. Chevron U.S. A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1150 (5th Cir. 1993). Fuller's argument that the sanction order unconstitutionally denies his access to the courts to pursue a habeas corpus petition could have been raised in the original appeal. This argument does not constitute a new or different ground for relief from the order. Fuller waived this argument by not raising it in his first appeal. He cites no grounds for advancing this argument or any other argument as the basis for avoiding the law of the case doctrine.

Accordingly, the judgment of the trial court is AFFIRMED.